

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 10-40067 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| MICHAEL THOMAS SANDSTROM, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Defendant pled guilty to Count 2, possession of child pornography. The Defendant now faces a trial on Count 1 for the alleged distribution of child pornography. The Court by its Order of August 22, 2011 allowed Count 1 to be amended to allege only the distribution and not also the receipt of child pornography.

The distribution charge alleges a specific date of distribution, September 10, 2009. The possession charge alleges that the possession began at a time unknown to the grand jury, through on or about the 24th day of September, 2009. The Statement of Factual Basis for the guilty plea to the possession charge admits knowingly possessing "Beginning as early as September 24, 2006, but not later than January 1, 2008, and continuing through September 24, 2009." As a result, the allegations contained within the distribution charge are included within the possession charge. This fact is crucial to the determination of this motion. The reason it is crucial is that if the distribution had been at some time other than the time frame within guilt of possession is alleged and admitted, then the distribution would be a separate offense and there would be no double jeopardy defense. This factual difference distinguishes the Seventh Circuit case upon which the Government relies, *United States v. Faulds*, 612 F.3d 566 (7th Cir. 2010), from the present case. In that case the distribution was on July 16, 2006 while the possession was a month later, on August 18, 2006. Given the nature of child pornography images on a computer, there can be a distribution on one date and on a subsequent date there can still be possession of that same image and in those circumstances the Seventh Circuit held that there were separate offenses and separate punishments.

*United States v. Muhlenbruch*, 634 F.3d 987 (8th Cir. 2011), held that possession of child pornography is a lesser included offense of receipt of child pornography. The same rationale applies to possession of child pornography and distribution of child pornography. The act of distribution is the other end of receipt. As a result, possession of child pornography is a lesser included offense of distribution of child pornography. With that foundation and the fact that in this case the alleged image distribution was within the time frame of the possession, the defense of double jeopardy applies. As a result the motion is granted and the distribution charge is dismissed with prejudice. The Court cautions that any such inquiry has to be fact specific because under a different set of facts the Seventh Circuit case *Faulds, supra*, is not inconsistent with the holding of the Eighth Circuit in *Muhlenbruch, supra*.

The parties should be aware that it is the Court's position that the claimed conduct of distribution of child pornography will be relevant conduct, if established, for consideration by the Court in sentencing for possession of child pornography.

Accordingly, IT IS ORDERED:

1. That Defendant's Motion to Dismiss Count 1, Doc. 58, is granted.

Dated this 26th day of August, 2011.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Jackie Meisenheimer
DEPUTY

2